UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

HANNAH KISSEL

Case No. 3:21-cr-00056-MPB-CSW

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-cr-00056-MPB-CSW |
| | ) | |
| HANNAH KISSEL, | ) | -03 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Hannah Kissel has filed a motion asking the Court to reduce her sentence by nine months based on her completion of the Bureau of Prisons' ("BOP") residential drug abuse program ("RDAP"). Dkt. 867. She does not specify a basis for the relief she seeks, but the only possible route for her to obtain relief is under 18 U.S.C. § 3582(c)(1)(A), which allows a court to reduce a term of imprisonment for "extraordinary and compelling reasons." Thus, the Court understands the motion as a motion for relief under § 3582(c)(1)(a). For the reasons explained below, the motion, dkt. [867], is **denied**.

## I.    Background

In February 2024, Ms. Kissel was sentenced to a total of 97 months of imprisonment and 3 years of supervised release after she pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and one count of conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 606 at 1-3. The sentence consisted of 97 months for each count to be served concurrently. *Id.* at 3.

2

The Bureau of Prisons ("BOP") currently reports Ms. Kissel's anticipated release date (with good-conduct time included) as November 6, 2028. https://www.bop.gov/inmateloc/ (last visited April 2, 2026).

## II.    Discussion

Ms. Kissel seeks early release based on two potentially extraordinary and compelling reasons for release: (1) her graduation from the Residential Drug Abuse Program (RDAP) in April 2026 and (2) her rehabilitation means that she is no longer be a threat to society.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

### A. Graduation from RDAP

First, Ms. Kissel states that she will be graduating from RDAP on April 17, 2026, and is requesting "up to 9 months in reduction in order to reintegrate into society upon [her] transition date," noting that her "unit team as of now if asking for December 2026." Dkt. 867 at 1. As best the Court can tell, staff at Ms. Kissel's prison have recommended that she be transferred to a halfway house on December 28, 2026, *see id.* at 10 ("Ms. Kissel will be referred for a 585 day halfway house placement with consideration for home confinement/federal location monitoring upon completion of the Residential Drug Abuse Program. The requested placement date will be December 28, 2026.), but she would like the Court to order the BOP to transfer her to a halfway house when she completes RDAP this month—which would be about nine months early.

To the extent that Ms. Kissel is asking the Court to order the BOP to send her to a halfway house sooner and not to reduce her sentence, the Court does not have the authority to do so. Pursuant to statute, the location of a prisoner's confinement is the sole province of the BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). As a result, the Court cannot order the BOP to send her to home confinement immediately upon her completion of RDAP. *Cf. United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, the Court is limited to considering whether to reduce Ms. Kissel's sentence under § 3582(c)(1)(A). *See United States v. Milbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when the district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

To the extent that Ms. Kissel is, in fact, asking the Court to reduce her sentence of imprisonment by 9 months, the Court also declines to find that Ms. Kissel's completion of RDAP

4

is an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Completion of RDAP is not specifically identified as a potentially extraordinary and compelling reason warranting a sentence reduction in U.S.S.G. § 1B1.13 (Nov. 2023). In addition, the question of whether an inmate should receive a sentence reduction for completing RDAP is governed by statute and various BOP regulations and policies. *See, e.g.*, 28 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55; Program Statement P5331.02, Early Release Procedures under 18 U.S.C. § 3621(e), *available at* https://www.bop.gov/policy/progstat/5331.02cn.pdf (last visited Apr. 7, 2026). Whether Ms. Kissel should receive a sentence reduction for completing RDAP is up to the discretion of the BOP, and the Court will not override that discretion in her closed criminal case. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

### B. Rehabilitation

That leaves Ms. Kissel with only one potentially extraordinary and compelling reason for a sentence reduction—her post-sentencing rehabilitation. The Court commends Ms. Kissel for maintaining clear conduct, participating in classes, and obtaining employment and new skillsets that will benefit her once released, *see* dkt. 867 at 4–15, but rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. *See* 28 U.S.C. § 994(t). The Court also does not find that Ms. Kissel's rehabilitation combines with any other factors to create an extraordinary and compelling reason for a sentence reduction.

## III.     Conclusion

For the reasons stated above, Ms. Kissel's motion for compassionate release, dkt. [867], is

**denied**.

**IT IS SO ORDERED.**

Dated:  April 8, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Hannah Kissel
Reg. No. 72296-509
FPC Alderson
FEDERAL PRISON CAMP
GLEN RAY RD. BOX A
ALDERSON, WV 24910

All Electronically Registered Counsel